FILED
CLERK, U.S. DISTRICT COURT

JAN 21 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN L. TUGGLE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>VINCENT GUARINI,<br><br>　　　　　Respondent. | NO. SA CV 08-82-MMM(E)<br><br>ORDER ADOPTING FINDINGS,<br><br>CONCLUSIONS AND RECOMMENDATIONS OF<br><br>UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

///
///
///
///

1  IT IS FURTHER ORDERED that the Clerk serve copies of this Order,
2  the Magistrate Judge's Report and Recommendation and the Judgment
3  herein by United States mail on Petitioner and counsel for
4  Respondent.

6  LET JUDGMENT BE ENTERED ACCORDINGLY.

8  DATED: January 14, 2009, ~~2008~~.

10  _____
   MARGARET M. MORROW
11  UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN L. TUGGLE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>VINCENT GUARINI,<br><br>　　　　Respondent. | NO. SA CV 08-82-MMM(E)<br><br>**REPORT AND RECOMMENDATION OF**<br>**UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable Margaret M. Morrow, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

On January 24, 2008, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody." On March 20, 2008, Respondent filed a "Motion to Dismiss, etc.," asserting the bar of limitations. Petitioner filed opposition to Respondent's motion on April 21, 2008.

**BACKGROUND**

On May 11, 2005, Petitioner pleaded guilty in Orange County Superior Court and received a sentence the same day (Petition at 2). Petitioner did not appeal (Petition at 3). Petitioner did not file a collateral challenge to his conviction or sentence any earlier than July 27, 2006, the date Petitioner signed a habeas corpus petition directed to the Orange County Superior Court (Lodgment 2).[1]

**DISCUSSION**

The "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. section 2244 to provide a one-year statute of limitations governing habeas petitions filed by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

///
///

---

[1] For statute of limitations purposes, a state habeas corpus petition is deemed filed on the date the prisoner presents the petition to prison authorities for mailing to the court. See Stillman v. LaMarque, 319 F.3d 1199, 1201-02 (9th Cir. 2003). Logically, the earliest date on which Petitioner may have presented his Superior Court habeas petition to prison authorities for mailing was the date Petitioner signed the Petition.

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Petitioner did not appeal, Petitioner's conviction became final on July 11, 2005, the first day after the passage of

60 days following sentencing. See former Cal. Ct. R. 30.1.[2] Petitioner argues that his conviction did not become final for purposes of the statute of limitations until after the expiration of a 90-day period for petitioning for certiorari from the United States Supreme Court, citing Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The rule in Bowen v. Roe is inapplicable in the present case. Where, as here, a defendant fails to seek review from the highest court of the state, the finality of the conviction does not await expiration of any 90-day period. See, e.g., Riddle v. Kemna, 2008 WL 927618 **2-4 (8th Cir. Apr. 8, 2008); Hemmerle v. Schriro, 495 F.3d 1069, 1073-74 (9th Cir. 2007), petition for cert. filed (Jan. 15, 2008) (No. 07-9723); Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006); Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). The United States Supreme Court can review on certiorari only judgments of a "state court of last resort" or judgments of a lower state court if the "state court of last resort" has denied discretionary review. See Riddle v. Kemna, at *2; Sup. Ct. R. 13.1; 28 U.S.C. § 1257(a). Because Petitioner did not appeal to the California Court of Appeal, much less seek review in the California Supreme Court, there never existed any period of time during which he could have petitioned the United States Supreme Court for certiorari. Accordingly, the finality of Petitioner's conviction did not await the expiration of this non-existent period of time.

///

///

---

[2] As of January 1, 2007, California Rule of Court 8.308(a) superseded former California Court Rule 30.1 with regard to appeals in criminal cases.

1  Therefore, the statute of limitations began to run from July 11,
2  2005, unless subsections B, C, or D of 28 U.S.C. section 2244(d)(1)
3  furnish a later accrual date.  See Patterson v. Stewart, 251 F.3d
4  1243, 1246 (9th Cir.), cert. denied, 534 U.S. 978 (2001).  As
5  discussed below, no later accrual date applies.
6
7  Section 2244(d)(1)(B) is inapplicable.  Petitioner has failed to
8  show that illegal conduct by the state or those acting for the state
9  actually prevented Petitioner from preparing or filing a timely
10 petition.
11
12 Section 2244(d)(1)(C) is inapplicable.  The Petition does not
13 rely on any constitutional right newly recognized by the Supreme
14 Court and made retroactively applicable to cases on collateral
15 review.
16
17 Section 2244(d)(1)(D) does not furnish an accrual date later
18 than July 11, 2005.  Under section 2244(d)(1)(D), "[t]ime begins when
19 the prisoner knows (or through diligence could discover) the
20 important facts, not when the prisoner recognizes their legal
21 significance."  Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir.
22 2001) (citation and internal quotations omitted); see United States
23 v. Pollard, 416 F.3d 48, 55 (D.D.C. 2005), cert. denied, 547 U.S.
24 1021 (2006) (habeas petitioner's alleged "ignorance of the law until
25 an illuminating conversation with an attorney or fellow prisoner"
26 does not satisfy the requirements of section 2244(b)(1)(D)).
27 Petitioner plainly knew or should have known in May of 2005 the
28 "important facts" on which he bases his present claims, all of which

concern alleged ineffective assistance of counsel during or preceding the May 11, 2005 guilty plea.

Thus, the statute began to run from July 11, 2005. Absent tolling, the Petition expired on July 11, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.), cert. denied, 534 U.S. 978 (2001). As discussed below, no tolling is available.

Section 2244(d)(2) tolls the statute during the pendency of "a properly filed application for State post-conviction or other collateral review." However, the filing of a state petition after the expiration of the statute cannot toll the statute. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), cert. denied, 531 U.S. 991 (2000) ("[a] state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000) (statute of limitations is not tolled between conviction's finality and the filing of the first state collateral challenge). The statute expired before Petitioner filed any petition in state court.

The Ninth Circuit permits equitable tolling of the statute of limitations "if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" See Spitsyn

1 v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted); see
2 also Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (assuming,
3 without deciding, that equitable tolling could apply to habeas
4 statute of limitations set forth in 28 U.S.C. section 2244(d)); Pace
5 v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005) (same). "Generally, a
6 litigant seeking equitable tolling bears the burden of establishing
7 two elements: (1) that he has been pursuing his claims diligently,
8 and (2) that some extraordinary circumstance stood in his way." Pace
9 v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted); see also
10 Lawrence v. Florida, 127 S. Ct. at 1085. Petitioner does not contend
11 he is entitled to equitable tolling and does not allege any basis for
12 equitable tolling. No basis for equitable tolling appears in the
13 record. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)
14 (petitioner's "inability correctly to calculate the limitations
15 period is not an extraordinary circumstance warranting equitable
16 tolling").

## RECOMMENDATION

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying and dismissing the Petition with prejudice.

DATED: April 25, 2008.

/s/
_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.